UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOSH PAIRAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.  1:05-CV-176 |
| ) | |
| GENERAL PRODUCTS CORP., ) | |
| ) | |
| Defendant. ) | |

### OPINION AND ORDER DENYING APPROVAL OF
### STIPULATED PROTECTIVE ORDER

Before the Court is a stipulation by the parties seeking approval of a proposed protective order (Docket # 23), which seeks to protect certain information as confidential throughout the entire litigation process. (*See* Proposed Stipulated Protective Order ¶ 7.)  As the proposed order contains two major defects, it will be DENIED.

First, the order's definition of "confidential" is impermissibly broad.  It provides that

> [t]he parties may designate any documents produced by them, any answer provided by them to any interrogatory or other written response to any discovery, as well as portions of any deposition testimony by past or present employees or agents and/or any other proprietary or private information produced or provided by them during the course of this litigation as "CONFIDENTIAL", "PROPRIETARY", "COMMERCIALLY SENSITIVE" and/or "ATTORNEY EYES ONLY". . . .

(Proposed Stipulated Protective Order ¶ 1.)

Federal Rule of Civil Procedure 26(c)(7) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999).  However, the protective order submitted by the parties provides no basis for finding good cause.  Instead, the order contains an expansive definition of confidential

information lacking in any specifics, and the order makes no effort to specify why these materials are confidential.  Indeed, if the Court were to approve this order, both parties would be left with a "virtual carte blanche . . . to seal whatever portions of the record the party wanted to seal." *Cincinnati Insurance*, 178 F.3d at 944.  The Seventh Circuit has repeatedly held that such overly broad protective orders are invalid. *See, e.g., id.* at 945 (noting that a broad protective order granting carte blanche discretion to a party is invalid).

Second, *Cincinnati Insurance* specifies that protective orders may only issue if the order "makes explicit that either party and any interested member of the public can challenge the secreting of particular documents." *Id.*  Here, the proposed order contains no such language with respect to an interested member of the public. (*See* Proposed Stipulated Protective Order ¶ 9.)

"Obtaining a protective order in an appropriate case need not be a[n] onerous task.  But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard v. Humke*, 2003 WL 1702256, at *2 (S.D. Ind. March 28, 2003).  Of course, the parties may submit a revised protective order consistent with the requirements of Rule 26(c)(7) and Seventh Circuit case law, but what has been submitted thus far is inadequate.

For these reasons, the Court hereby DENIES approval of the stipulated protective order submitted by the parties (Docket # 23).  SO ORDERED.

Enter for this 27th day of January, 2006.

                                                S/ Roger B. Cosbey
                                                Roger B. Cosbey,
                                                United States Magistrate Judge